**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| Chad Fox, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>Resurgent Capital Services, LP, a Delaware limited partnership, and PYOD, LLC, a Delaware limited liability company,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No.  1:14-cv-715-DML-RLY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), between Plaintiff, Chad Fox, individually, and on behalf of a settlement Class of similarly situated persons in <u>Chad Fox v. Resurgent Capital Services, and PYOD, LLC</u>, No. 1:14-cv-715-RLY-DML (S.D. Ill.), and Defendants, Resurgent Capital Services, LP and PYOD, LLC (the "Defendants"), was reached after arms-length negotiations between all parties, and is entered into as of August 20, 2014.

The Class consists of all persons similarly situated in the States of Indiana, Illinois, and Wisconsin from whom Defendants attempted to collect a delinquent consumer debt that was allegedly owed for a Springleaf Financial Services account, via the same initial form collection letter that was sent to Plaintiff (Complaint Exhibit <u>C</u>), from May 8, 2013 to May 8, 2014.

1



## PREAMBLE

A.      The Plaintiff filed the Complaint in this matter on May 8, 2014.  The

Complaint's principal allegation is that the form debt collection letter Plaintiff received

violated § 1692g and e(11) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

et seq. ("FDCPA"), because it failed to provide the statutorily-required 30-day validation

notice, and failed to inform Plaintiff that Defendants were debt collectors who were

attempting to collect a debt, and, therefore, that Defendants were liable for statutory

damages, costs, and reasonable attorneys' fees.

B.      Defendants deny that they are liable in any way to Plaintiff or the Class

and deny that their actions violated the FDCPA in any manner.  Defendants are,

however, willing to enter into this Agreement to avoid the further expense and

inconvenience of litigation, and have concluded that it is in their best interest to resolve

and settle all claims which have been made, or could be made, against them by Plaintiff

and the Class arising out of Defendants' alleged violation of the FDCPA.

C.      The Plaintiff, through his attorneys, has made a thorough and

independent investigation of the facts and law relating to the controversies between the

parties.  The Plaintiff and his counsel have concluded that the outcome of the

controversies existing between the parties cannot be ascertained with certainty and that

it is in the best interests of the Plaintiff and the Class to settle their claims against

Defendants upon the terms in this Agreement.

## SETTLEMENT TERMS

NOW, THEREFORE, it is agreed by and between the undersigned that this

lawsuit is settled, upon final approval by the District Court after a hearing, and upon

2

entry of a final judgment of dismissal with prejudice as provided in this Agreement, all subject to the following terms and conditions:

1.      This Agreement shall not be construed or be deemed to be an admission or concession by Defendants of any liability or wrongdoing whatsoever, and Defendants specifically deny that the conduct at issue gives rise to any such liability.

2.      The parties agree to undertake and use their best efforts to effectuate this Agreement and to support and conclude the Settlement.  As soon as practicable, they will take all necessary steps to secure the District Court's preliminary approval of this Agreement.  After notice to the Class and an opportunity to object, the parties will take all steps necessary to secure the District Court's final approval of the Settlement and to secure the dismissal of the lawsuit with prejudice, on and subject to the procedures and conditions set forth.  Defendants, however, reserve the right to declare this Settlement Agreement null and void if more than 5% of the 237 Class Members, or 11 or more of them, opt-out of the Class.

3.      For purposes of settlement, Defendants agree to the certification of a class, pursuant to Fed.R.Civ.P. 23(b)(3), of all persons similarly situated in the States of Indiana, Illinois and Wisconsin, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Springleaf Financial Services account, via the same initial form collection letter that was sent to Plaintiff (Complaint Exhibit C), from May 8, 2013 to May 8, 2014.

4.      Defendants also agree to the appointment of Chad Fox as representative of the Class and the appointment of his attorneys, David J. Philipps and Mary E. Philipps of Philipps & Philipps, Ltd., and John T. Steinkamp, as Class

Counsel.

5.     Under the terms of this Agreement, class certification is appropriate because:

(a)     the Class is so numerous (237 members) that joinder of all members is impracticable;

(b)     there are questions of law and fact common to the Class;

(c)     the claim of the representative Plaintiff is typical of the claims of the Class; and,

(d)     the representative Plaintiff will fairly and adequately protect the interest of the Class.

6.     Under § 1692k of the FDCPA, the maximum statutory damages recoverable by the Class against Defendant would be the lesser of 1% of Defendants' net worth up to a maximum of $500,000.  Here, the maximum statutory damages recoverable range from $103,378 up to $218,523.  Moreover, the Class in this matter consists of 237 consumers who were sent the same form collection letter.

7.     Defendants represent that they are not aware of any other lawsuits pending against them in Indiana, Illinois or Wisconsin concerning the form collection letter at issue here.

8.     In consideration of the full and complete settlement, release and discharge of all claims of Plaintiff and the Class against Defendants, and subject to the provisions of this Agreement and the District Court's orders, Defendants promise to:

(a)     change the form of the collection letter at issue in this matter;

(b)     pay $1,000 to Plaintiff, Chad Fox;

4

(c)      as to any member of the Class who still owes the debt at issue,

Defendants' have agreed to reduce by $500 the balance of each of the 187 class

members' Springleaf Financial Services accounts, which is a reduction of about

$93,500;

(d)      pay $63,400 to the Class, which will be distributed as follows: each of the

187 members of the class who has a debt as to which the interest rate is being reduced

will receive one share of the settlement fund, while each of the 50 members of the class

who do not have a debt that can be reduced (because the debt is no longer owed due

to payment, settlement or a bankruptcy), will receive two shares of the settlement fund,

which will be divided up among each of the Class Members, based upon their shares,

who timely returns a claim form, with a maximum payment of $1,000 per Class

Member.  The amount due the class should be distributed as follows:  (i) within 30 days

after final approval, Class Counsel shall send a check for their share of the settlement

fund, up to $1,000 each, to each Class Member who timely returns a claim form, and (ii)

any portion of the Class Settlement Fund that is unclaimed by the Class, because the

settlement check was returned as undeliverable or without a forwarding address, or

because the check remains uncashed 60 days after distribution, or because any funds

otherwise remain after the distribution was calculated, shall be paid equally to the

Indiana Legal Services, Inc. and the National Consumer Law Center, Inc., as a cy pres

remedy;

(e)      pay Class Counsel for their reasonable attorneys' fees and costs in this

action, which amount shall be resolved by further negotiations between the parties.  If

an amount is agreed to by the parties, then that amount will still need to be approved by

the District Court via a separate motion that Defendants agree not to oppose; however, if any of the Defendants do oppose this motion, Class Counsel may seek to recover all of their fees and costs from Defendants.  If the parties are unsuccessful at resolving the fees and costs through their negotiations, then the amount of fees and costs to be paid by Defendants to Class Counsel shall be resolved via a fee petition to the District Court, which Defendants may oppose on any appropriate grounds, including that they succeeded with respect to certain parts of the litigation and that same warrants a reduction or limitation of the fee award that would otherwise have been reasonable.  In either event, for purposes of any fee petition that the District Court will be asked to approve, Plaintiff and the Class shall be deemed to be prevailing parties.

9.      If no one intervenes or objects to this Settlement, Defendants shall pay to the Philipps & Philipps, Ltd., Fiduciary Account (E.I.N. 36-4325073), within 21 days of final approval of this Settlement Agreement by the District Court, the amount of $89,400, for the amount due the Class Representative ($1,000), for the amount due the Class Members ($63,400), and for attorneys' fees and costs, mailing expenses ($25,000), which amount will be held in trust until the 30-day appeal period has run.  If a Class Member objects or intervenes, then these amounts shall be paid within 14 days, after the appeal period has run or, if any appeal is filed, then within 14 days of the final resolution of all appeals.  Moreover, within 120 days after final approval of this Settlement by the District Court, Class Counsel shall provide Defendants' Counsel and the Court with a report stating the number of Class Members' checks which were returned or remain uncashed, and shall pay equally to Indiana Legal Services, Inc. and the National Consumer Law Center, Inc., any undistributed/unclaimed portion of the

Class Settlement Fund. If Defendants elect to issue a Form 1099-MISC at year-end it must name "Philipps & Philipps, Ltd. (EIN #36-4325073)" as the sole "Payee" and it must list the full settlement amount in Box 14 for "Gross proceeds paid to an attorney."

10.    Plaintiff's counsel shall send out the Class Notice, along with the statement of the current account balance, to each Class Member within 14 days of preliminary approval of this Agreement by the District Court.

11.    Defendants, pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act, shall notify the appropriate Federal and State regulatory authorities of this proposed Settlement within 10 days of the filing of the motion to approve this Agreement and shall file with the Court notification of Defendant's compliance with 28 U.S.C. § 1715(b).

12.    The Settlement set forth in this Agreement shall not become effective unless the District Court finally approves the Agreement and Settlement, without material alteration, as fair, reasonable, and adequate. In the event that the District Court does not approve this Agreement and Settlement, this entire Agreement and Settlement shall become null and void except that the parties may agree in writing to proceed with a modified settlement and apply for District Court approval of that modified settlement. In the event that this Agreement shall become null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply. No admission of law, fact, or combination of law and fact will be found to exist as a result of this Agreement, and no part of this Agreement will be admissible in any litigation.

13.    Promptly after the execution of this Agreement, the parties shall jointly submit this Agreement to the District Court and move for an order: (a) preliminarily

finding that this Agreement is fair to all members of the Class; and, (b) approving the Class Notice. Copies of the Proposed Order and Class Notice are attached as Exhibits 2 and 3, respectively, to the Joint Motion For Preliminary Approval Of Class Action Settlement Agreement.

14.     Promptly after notice to the Class and an opportunity to object, the parties shall jointly submit this Agreement to the District Court and move for a final order:

(a)     finding that this Agreement is fair to all members of the Class; and

(b)     which: (i) approves this Agreement and the Settlement as fair, reasonable and adequate; (ii) dismisses this lawsuit without prejudice, with the District Court retaining jurisdiction to enforce the terms of this Agreement and for resolution of any fee petition; upon payment of the settlement funds, and the attorneys' fees and costs, the dismissal will be converted to a dismissal with prejudice; (iii) provides that Plaintiff and the Class shall be forever barred and enjoined from instituting or further prosecuting any action, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Defendants, their past or present parents, affiliates, subsidiaries, successors, predecessors, and assigns, and its present or former directors, officers, employees, partners, members, principals, employees, agents, insurers and attorneys, including any and all claims that were asserted or alleged or which could have been asserted or alleged in this lawsuit; (iv) provides that Defendants shall be barred identically from pursuing any claim for relief under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against Plaintiff, his

8

Counsel or against any member of the Class arising out of the claims asserted or alleged, or which could have been asserted or alleged, against Defendants in this action, except that Defendants may oppose any fee petition on any appropriate grounds, including that they succeeded with respect to certain parts of the litigation and that same warrants a reduction or limitation of the fee award that would otherwise have been reasonable; and, (v) reserves jurisdiction over any matters arising out of this Agreement.

15.     Except as provided for herein, Plaintiff and the Class, and each of them, hereby release and forever discharge Defendants, their past or present parents, affiliates, subsidiaries, successors, predecessors and assigns, and their present or former directors, officers, employees, partners, members, principals, employees, agents, insurers and attorneys, ("Released Parties") of and from all causes of action, suits, claims and demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have against Defendants, or any of them, arising out of or relating to the claims that were asserted or alleged or which could have been asserted or alleged in the Complaint and arising out of Defendants' alleged violations of the FDCPA.  Defendants hereby agree that they shall be barred identically from pursuing any claims for relief under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against Plaintiff, Plaintiff's Counsel or against any member of the Class arising out of Defendants' alleged violations of the FDCPA asserted or alleged or which could have been asserted or alleged in the Complaint, except that Defendants may oppose any fee petition on any appropriate

9

grounds, including that they succeeded with respect to certain parts of the litigation and that same warrants a reduction or limitation of the fee award that would otherwise have been reasonable.

16.     The Court shall retain jurisdiction over the Settlement and this Agreement, including, but not limited to, as needed to resolve any petition for attorneys' fees and costs.

17.     The parties agree that no party shall be deemed to have drafted this Agreement.

18.     This Agreement shall be interpreted in accordance with the laws of the State of Indiana for all state law issues, and in accordance with Federal law for all other issues.

19.     This Agreement constitutes the final agreement of this Settlement among the parties and cannot be modified except by written agreement signed by all of the parties.

20.     This Agreement shall become effective upon its execution, which may be done in counterparts.  Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

Dated: August 20, 2014

Plaintiff, Chad Fox, individually and on
behalf of all others similarly situated,

X _____

Resurgent Capital Services, LP

_____
            By:_____

PYOD, LLC

_____
            By:_____

Plaintiff's Counsel,

_____
David J. Philipps      (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465

John T. Steinkamp  (Ind. Bar No.19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227


Approved as to form:
Defendants' Counsel


_____
Nabil G. Foster      (Ill Bar No. 6273877)
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601

Dated: August 20, 2014

Plaintiff, Chad Fox, individually and on
behalf of all others similarly situated,

_____

Resurgent Capital Services, LP

By: Ajay Grayson
    Authorized Representative

PYOD, LLC

By: Laura Hill
    Authorized Representative

Plaintiff's Counsel,

_____

David J. Philipps    (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465

John T. Steinkamp  (Ind. Bar No.19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227

Approved as to form:
Defendants' Counsel

_____

Nabil G. Foster    (Ill Bar No. 6273877)
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601

11